1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

11

12

13

JUAN ALVAREZ BAEZ,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant.

CASE NO. 2:16-CV-00539-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

14

15

16

17

18

    Plaintiff Juan Alvarez Baez filed this action, pursuant to 42 U.S.C. § 405(g), for judicial

review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI").

Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13,

the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See*

Dkt. 7.

19

20

21

22

23

    After considering the record, the Court concludes the Administrative Law Judge ("ALJ")

erred when she evaluated the medical evidence, in formulating the residual functional capacity

("RFC") and finding Plaintiff capable of performing past relevant work. The ALJ's error is

therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42

24

1 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further

2 proceedings consistent with this Order.

3 <u>FACTUAL AND PROCEDURAL HISTORY</u>

4 On September 20, 2011, Plaintiff filed an application for disability insurance benefits

5 ("DIB"), and on October 25, 2011, Plaintiff filed an application for SSI, alleging disability as of

6 July 15, 2007 in both applications. *See* Dkt. 12, Administrative Record ("AR") 20. The

7 applications were denied upon initial administrative review and on reconsideration. *See* AR 20.

8 A hearing was held before Administrative Law Judge ("ALJ") Ruperta M. Alexis on January 30,

9 2013. *See* AR 20, 137. At the hearing, Plaintiff amended the alleged onset date to October 25,

10 2011, making Plaintiff ineligible for DIB. *See id.* In a decision dated June 27, 2013, the ALJ

11 determined Plaintiff to be not disabled and denied Plaintiff's request for SSI. AR 20, 137-47.

12 Plaintiff's request for review of the ALJ's decision was accepted, and the Appeals

13 Council remanded the matter back to the ALJ to more fully develop the record. AR 20, 21, 156-

14 62. Following remand, Plaintiff reappeared at a second hearing on January 9, 2014, before the

15 same ALJ, as did an impartial vocational expert ("VE"), Olof R. Elofson. AR 20. Plaintiff

16 testified through an interpreter. AR 20. In a decision dated April 25, 2014, the ALJ again

17 determined Plaintiff to be not disabled. AR 20-35. Plaintiff's second request for review was

18 denied by the Appeals Council, making the ALJ's second decision the final decision of the

19 Commissioner. *See* AR 1; 20 C.F.R. § 404.981, § 416.1481.

20 In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly finding

21 Plaintiff capable of performing jobs the VE testified Plaintiff could not perform, and which

22 Plaintiff maintains does not constitute past relevant work; (2) failing to find Plaintiff disabled

23

24

under GRID Rule 203.01; and (3) improperly discounting the medical evidence and thus

formulating an erroneous residual functional capacity ("RFC"). Dkt. 14, p. 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

social security benefits if the ALJ's findings are based on legal error or not supported by

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**I.      Whether the ALJ Erred in Formulating the RFC.**

Plaintiff asserts the ALJ formulated an erroneous RFC by (1) improperly omitting

portions of Margaret Dolan, Ph.D.'s medical opinion; (2) improperly relying upon the non-

examining opinion of Alex Fisher, Ph.D. over the opinion of Dr. Dolan; and (3) making

contradictory findings regarding Plaintiff's limited English proficiency and requiring him to take

direction from supervisors. Dkt. 14, pp. 9-13.

A.      Whether the ALJ Properly Evaluated the Medical Evidence.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d

502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the

opinion can be rejected "for specific and legitimate reasons that are supported by substantial

evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035,

1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can

accomplish this by "setting out a detailed and thorough summary of the facts and conflicting

1   clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

2   F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

3                    i.   *Margaret Dolan, Ph.D.*

4          Although the ALJ gave Dr. Dolan's opinion great weight, Plaintiff argues the ALJ failed

5   to incorporate all of Dr. Dolan's opined limitations, namely Dr. Dolan's opinion "that successful

6   work activity required additional treatment, a lack of PTSD 'triggers,' structure and support."

7   Dkr. 14, p. 10. Margaret Dolan, Ph.D. evaluated Plaintiff on April 23, 2012, with the assistance

8   of an interpreter. AR 473-80. She charted Plaintiff's self-reports of being "traumatized by seeing

9   people dead and in ghoulish conditions (without heads, dismembered)" while fighting in Angola

10  for Cuba and being placed in a military prison when he refused to return to Angola. AR 473. Dr.

11  Dolan reviewed several medical records for her psychological assessment. AR 474. In addition,

12  she conducted a mental status examination. AR 475. She diagnosed Plaintiff with Post Traumatic

13  Stress Disorder ("PTSD") and observed he "has recurrent nightmares, is constantly vigilant, has

14  startle reactions to noise and lights …. [and] is becoming increasingly avoidant and withdrawn

15  with anxiety and depressive symptoms." AR 478. Dr. Dolan opined Plaintiff's PTSD "should not

16  preclude his working." AR 479.

17         However, as to functional limitations, Dr. Dolan opined Plaintiff would need treatment

18  and assistance before engaging in work. AR 479-80. She noted Plaintiff's ability to reason was

19  good and his memory problems may be situational and "should not be a problem in a job

20  situation." AR 479-80. With respect to sustained concentration and persistence, Dr. Dolan opined

21  Plaintiff has deteriorated, but attributed the deterioration to Plaintiff's unstable living situation.

22  AR 480. She observed concentration and persistence "might improve when his situation is stable

23  and his medication titrated. At that point, they may not interfere with a simple supervised work

24

situation." AR 480. With respect to social interaction, the ALJ noted Plaintiff would need to be in a job with no "triggers to his PTSD" such as loud noises and noted Plaintiff "might have a problem working with black individuals." AR 480. Finally, as to adaptation, the Dr. Dolan opined Plaintiff "might do reasonably well" adapting "[i]f he is able to stabilize on medication, and avoid substances, combined with stable housing and employment." AR 480.

The ALJ gave Dr. Dolan's opinion "great weight" and observed:

> [Dr. Dolan] opined that with the appropriate structure, the claimant could manage unskilled work and regular work hours. She notes that the claimant's ability to reason is relatively good, and points out that he did well with abstractions despite not being a native English speaker. Dr. Dolan went on to opine that while the claimant has some difficulty with sustained concentration, his problems are not so severe as to interfere with the ability to perform simple work. Finally, Dr. Dolan opined that the claimant is pleasant, appropriate, and likeable, and could generally behave appropriately in the workplace.

AR 31 (citations omitted). The ALJ found Dr. Dolan's opinion consistent with the longitudinal treatment record and supported by Plaintiff's previous work history in spite of his mental impairments. AR 31.

An ALJ "need not discuss all evidence presented." *Vincent ex rel. Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984). However, the ALJ "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent*, 739 F.2d at 1395). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571. In her decision, the ALJ did not discuss Dr. Dolan's opinions regarding Plaintiff's functional limitations in the absence of a more stable living situation and medication management. *See* AR 31, 26. Dr. Dolan qualified her assessment Plaintiff could work and opined he could work when his "situation improved." AR 480. She also opined he was facing situational stressors causing functional limitations related to his sustained concentration and persistence. *See* AR 480. The ALJ did not address Dr. Dolan's assessed

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 5

1  functional limitations regarding Plaintiff's concentration and persistence. Thus, the Court cannot

2  determine if the ALJ properly considered this limitation or simply ignored the evidence.

3        Further, Dr. Dolan stated Plaintiff would do well with social interaction in a job "if he did

4  not feel frightened or have triggers to his PTSD about (Loud noises, etc.). Without any context,

5  Dr. Dolan stated Plaintiff "might have a problem working with black individuals." AR 480.

6  Again, the ALJ did not discuss these additional functional limitations related to Plaintiff's PTSD

7  assessed by Dr. Dolan. *See* AR 31. Without an adequate explanation, the Court cannot determine

8  if the ALJ properly considered all the limitations included in Dr. Dolan's opinion. Accordingly,

9  the ALJ erred. *See Flores*, 49 F.3d at 571 (an "ALJ's written decision must state reasons for

10 disregarding significant, probative evidence"); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir.

11 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her

12 conclusions so that we may afford the claimant meaningful review of the SSA's ultimate

13 findings.").

14       "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

15 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

16 claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

17 *Comm'r, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at

18 1115. The determination as to whether an error is harmless requires a "case-specific application

19 of judgment" by the reviewing court, based on an examination of the record made "'without

20 regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-

21 1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

22       Had the ALJ more fully developed the record as to Dr. Dolan's opined limitations

23 regarding Plaintiff's impairments and functional limitations, she may have included additional

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 6

1    limitations in the RFC and in the hypothetical questions posed to the vocational expert. AR 26,

2    93-100. For example, the ALJ may have included additional limitations in the RFC related to

3    triggers for Plaintiff's PTSD. As the ultimate disability determination may have changed, the

4    ALJ's error is not harmless and requires reversal. *Molina*, 674 F.3d at 1115.

5                    ii.    *Alex Fisher, Ph.D.*

6            Alex Fisher, Ph.D. was a non-examining State agency psychological consultant. AR 112-

7    20. He relied, in part, on Dr. Dolan's medical opinion in assessing Plaintiff's functional

8    limitations. *See id.* The ALJ gave Dr. Fisher's opinion "great weight", including his opinion "that

9    the claimant has mild limitation[s] in activities of daily living, and moderate limitation[s] in

10   social functioning and concentration, persistence, and pace." AR 31. The ALJ found Dr. Fisher's

11   opinion consistent with the longitudinal treatment history as well as consistent "with the

12   claimant's ability to follow simple instructions as evidenced throughout the medical records."

13   AR 31. However, because the Court has found the ALJ erred in evaluating Dr. Dolan's opinion,

14   upon which Dr. Fisher relied in formulating his medical opinion, the ALJ should reevaluate the

15   medical opinion evidence, including the opinion of Dr. Fisher, upon remand. *See* 20 C.F.R. §§

16   404.1527, 416.927.

17           B.   Whether the ALJ Made Contradictory Findings Regarding Plaintiff's Language
                  Skills in the RFC.

18
             Plaintiff also argues the ALJ made contradictory findings in the RFC regarding Plaintiff's
19
     language skills and ability to communicate in English. Dkt. 14, pp. 9-10. If a disability
20
     determination "cannot be made on the basis of medical factors alone at step three of the
21
     evaluation process," the ALJ must identify the claimant's "functional limitations and
22
     restrictions" and assess his or her "remaining capacities for work-related activities." SSR 96-8p,
23
     1996 WL 374184 *2. A claimant's RFC assessment is used at Step Four to determine whether he
24

1  or she can do his or her past relevant work, and at Step Five to determine whether he or she can

2  do other work. *Id.* A claimant's residual functional capacity is the maximum amount of work the

3  claimant is able to perform based on all of the relevant evidence in the record. *Id.*

4        In the RFC, the ALJ determined Plaintiff "is limited to tasks that would not require

5  communication in English" but also determined Plaintiff "can interact with supervisors and can

6  take instructions and direction." AR 26. In her findings regarding Plaintiff's English capabilities,

7  the ALJ noted "[a]t the hearing, the claimant reported that he did not speak or understand

8  English. Notably, throughout many of the medical records, the claimant is able to complete the

9  appointments in English, without the use of an interpreter." AR 27 (without citation to the

10  record). She also observed "[t]he claimant was able to interpret abstract proverbs in English,

11  despite the fact that it was not his native language." AR 29. Finally, and again without citation to

12  the record, the ALJ noted "the claimant is able to communicate in English both with and without

13  the assistance of an interpreter" and observed she "accommodated for the claimant's education

14  level and English capabilities through" the jobs finding Plaintiff capable of performing past

15  relevant work. AR 33.

16        First, in determining limitations related to Plaintiff's English skills in the RFC, the ALJ

17  relied upon Dr. Dolan's psychological assessment to note Plaintiff was able to interpret

18  abstractions "despite not being a native English speaker." *See* AR 31; *see also* AR 29 ("The

19  claimant was able to interpret abstract proverbs in English, despite the fact that it was not his

20  native language.") (citing Dr. Dolan's examination at 477), AR 32 (noting "during a subsequent

21  evaluation, the claimant was able to abstract proverbs correctly without difficulty."). However,

22  the Court notes Dr. Dolan conducted her examination with the assistance of a translator. *See* AR

23  473. Thus, to the extent the ALJ relied upon Dr. Dolan's examination to suggest Plaintiff speaks

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 8

1  English , the ALJ erred because her assessment is inconsistent with the evidence of record given

2  Plaintiff relied upon a translator to communicate with Dr. Dolan. *See* AR 473.

3        Second, the RFC included a limitation to "tasks that would not require communication in

4  English" but also provides Plaintiff "can interact with supervisors and can take instructions and

5  direction." AR 26. Although the ALJ noted Plaintiff was able to speak English at some

6  appointments, she did not make any findings regarding Plaintiff's language skills and his ability

7  to take instruction from supervisors. *See* AR 26. Thus, the ALJ's RFC is internally inconsistent.

8  *See Perez v. Astrue*, 250 F. App'x 774, 776 (9th Cir. 2007) (noting the ALJ's RFC was error

9  because it was internally inconsistent and not supported by substantial evidence) (citing *Batson*,

10  359 F.3d at 1193). As this matter is already remanded to reevaluate the medical evidence, upon

11  remand, if necessary, the ALJ shall also resolve the inconsistency between her determination

12  Plaintiff cannot communicate in English but can interact with and take direction and instructions

13  from supervisors.

14    **II.    Whether the ALJ Improperly Found Plaintiff Capable of Performing Past
         Relevant Work or Whether the ALJ Should Have Found Plaintiff Disabled
15       at Step Five.**

16        Plaintiff also maintains the ALJ erred in finding him capable of performing past relevant

17  work at Step Four because Plaintiff cannot read or speak English.[1] Dkt. 14, pp. 4-7. Plaintiff also

18  argues the ALJ should have proceeded to Step Five and found him disabled pursuant to GRID

19  203.01, a Medical Vocational Guideline providing a claimant may be disabled if he or she cannot

20  _____

21  [1] "A claimant is not per se disabled if he or she is illiterate." *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001).
   Nevertheless, in *Pinto,* the Ninth Circuit held that an ALJ erred in noting the claimant's inability to speak English in
22  both his findings of fact in step four of the disability analysis and his hypothetical to the VE and failing to explain
   how the English-language limitation "related to his finding that [the claimant] could perform her past relevant work
   as generally performed." *Id.* Thus, upon remand, to the extent the ALJ makes findings regarding Plaintiff's English-
23  language limitations in the RFC and in her hypothetical to a VE, the ALJ shall also explain how Plaintiff's English-
   language limitations relates to any findings Plaintiff can perform past relevant work as generally performed, if
   necessary. *See id.*
24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 9

1  perform past relevant work, is approaching retirement age, and has no more than a marginal

2  education and only unskilled or no previous work history. *See id.*, pp. 7-9; *see also* GRID

3  203.01. However, as discussed in Section I, *supra*, had the ALJ properly weighed the medical

4  evidence, the RFC and hypothetical questions posed to the vocational expert may have included

5  additional limitations. *See* AR 26, 93-100. Thus, the ALJ erred in evaluating Plaintiff's RFC and

6  consequently her Step Four findings were erroneous. On remand, the ALJ shall re-evaluate the

7  RFC and Step Four or Five findings, if necessary.

8                                              CONCLUSION

9           Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

10  Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

11  this matter is remanded for further administrative proceedings in accordance with the findings

12  contained herein.

13           Dated this 3rd day of October, 2016.

14

15

16                                              David W. Christel
                                                United States Magistrate Judge

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 10